IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD GORDON, individually and on behalf of all others similarly situated, ) ) ) | Case No. |
| Plaintiff, ) ) ) | |
| v. ) ) ) | |
| CARIBBEAN CRUISE LINE, INC., a Florida corporation, and TRAVEL REWARDS, LLC, a Florida limited liability company, ) ) ) ) ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Richard Gordon ("Plaintiff") brings this Class Action Complaint against Defendants Caribbean Cruise Line, Inc. ("Caribbean") and Travel Rewards, LLC ("Travel Rewards") (collectively, "Defendants") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I. NATURE OF THE ACTION

1. Defendant Caribbean is a national cruise line. In an effort to market its services, Caribbean sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Defendant Travel Rewards is a marketing company based in Florida. Travel Rewards, on behalf of Caribbean, sent unsolicited text messages to the wireless telephones of Plaintiff and the Class without prior express written consent in violation of the TCPA.

3. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Defendants to send text messages to their wireless telephones.

4. By sending such unauthorized text messages, Defendants caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

5. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited text message activities and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7. This Court has personal jurisdiction over Caribbean under the Illinois long-arm statute, 735 ILCS 5/2-209, because Caribbean engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Caribbean because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Caribbean, by sending mass text messages into this State soliciting

business, or by directing that such text messages be sent on its behalf, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

8. This Court has personal jurisdiction over Travel Rewards under the Illinois long-arm statute, 735 ILCS 5/2-209, because Travel Rewards engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Travel Rewards because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Travel Rewards, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

10. Plaintiff Richard Gordon is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendants*

11. Defendant Caribbean is a corporation organized in and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida. For purposes of 28 U.S.C. § 1332, Caribbean is a citizen of the State of Florida.

12. Defendant Travel Rewards is a limited liability company organized in and existing under the laws of the State of Florida with its principal place of business in Orange County, Florida. For purposes of 28 U.S.C. § 1332, Travel Rewards is a citizen of the State of Florida.

## IV. FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

13. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

15. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

16. According to a study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

17. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited July 29, 2014).

[2] *Id.*

providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

18. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

19. As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express written consent.

*Caribbean's and Travel Rewards's Unsolicited SMS Message Advertisement to Plaintiff*

20. In an attempt to drum up new business, Caribbean and Travel Rewards sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

21. On July 28, 2014, Caribbean and/or Travel Rewards, on behalf of Caribbean, transmitted the following text message to Plaintiff's wireless phone:

> You've been sent a pair of zero cost tickets to the Bahamas! Call 813.5151805

A true and correct copy of the text message is attached as **Exhibit A**.

22. The "from" field of such transmission was identified as "lesjj@freecruisegiveaway.net."

23. Upon calling the telephone number identified in the text message, Plaintiff was greeted by a recorded, artificial voice telling him to hold for a representative or "press 2" to be added to a "Do Not Call" list. Plaintiff then spoke with an individual who identified himself as a representative from Travel Rewards, who in turn connected Plaintiff with another representative from Caribbean.

-5-

404975.1

24. The Caribbean representative gave Plaintiff a sales pitch regarding the benefits and perks of a Caribbean cruise, stating that it had been voted "best Bahama cruise" for three years in a row.

25. Plaintiff's investigation has revealed that the source of the text message is Travel Rewards. When Plaintiff called the telephone number provided in the text message, he was connected with a representative from Travel Rewards. On information and belief, because the message was purely a solicitation for Caribbean, and because Plaintiff was immediately transferred to a representative from Caribbean to discuss the substance of the solicitation, Travel Rewards sent the message on Caribbean's behalf.

26. Caribbean and/or Travel Rewards, on behalf of Caribbean, sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

27. On information and belief, Caribbean and/or Travel Rewards, on behalf of Caribbean, sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

28. Plaintiff never consented to in writing, requested, or otherwise desired or permitted Caribbean and/or Travel Rewards to send or transmit text messages to his wireless phone.

### V. CLASS ALLEGATIONS

29. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

-6-

404975.1

>All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Caribbean Cruise Line, Inc. (the "Class").

Excluded from the Class are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

32. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Caribbean's and Travel Rewards's conduct constitutes a violation of the TCPA;

   b. whether the equipment Caribbean and/or Travel Rewards used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

      c.      whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

      d.      whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Caribbean's and Travel Rewards's conduct; and

      e.      whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

33.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

34.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

35.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Caribbean and Travel Rewards have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

36.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Class members to individually seek redress

for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

38. Caribbean and/or its agents, including Travel Rewards, sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

39. Caribbean sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

40. Caribbean and/or Travel Rewards, on behalf of Caribbean, utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

41. By sending the unsolicited text messages to Plaintiff and the Class, Caribbean and Travel Rewards have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Caribbean's and Travel Rewards's unlawful conduct, the Class members suffered actual damages in the form of

monies paid to receive the unsolicited text messages on their wireless phones and under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

42. Should the Court determine that Caribbean's and Travel Rewards's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Richard Gordon, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Richard Gordon as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Requiring Defendant Caribbean Cruise Line, Inc. and Defendant Travel Rewards, LLC to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D. Awarding reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: July 30, 2014

Respectfully submitted,

RICHARD GORDON, individually and on behalf of all others similarly situated

By: */s/ Katrina Carroll*
One of the Attorneys for Plaintiff

404975.1

        And the Proposed Putative Class

Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265

404975.1