# EXHIBIT 2

Case: 1:14-cv-05848 Document #: 153-2 Filed: 02/08/19 Page 2 of 4 PageID #:37977
Case: 1:14-cv-05848 Document #: 33 Filed: 02/06/15 Page 1 of 3 PageID #:382

SW

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE:  CARIBBEAN CRUISE LINE, INC., TELEPHONE                MDL No. 2604
CONSUMER PROTECTION ACT (TCPA) LITIGATION

**ORDER DENYING TRANSFER**

   **Before the Panel**:* Plaintiffs in one action in the Southern District of Florida move under 28 U.S.C. § 1407 to centralize this litigation in that district.  This litigation currently consists of four actions pending in three districts, as listed on Schedule A.  The actions allege that Caribbean Cruise Line, Inc. (CCL) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited commercial text messages to plaintiffs' wireless telephones, without the plaintiffs' consent, using an automatic telephone dialing system.

   Plaintiffs in all actions support centralization in the Southern District of Florida or, alternatively, the Eastern District of New York or the Northern District of Illinois.  Common defendant CCL opposes centralization and, alternatively, proposes the Eastern District of New York.

   On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The courts in two of the four actions have entered stays based on the first-filed rule, in deference to the Eastern District of New York *Jackson* action, which is at an advanced stage of discovery, and CCL has sought a similar stay in the remaining action in the Southern District of Florida.  At most, there are only two actions in which pretrial proceedings may need to be coordinated.  Additionally, in these circumstances, centralization could delay the proceedings in the more advanced action and result in additional expense to the parties and the courts in establishing an MDL with little or no benefit.

   Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met that burden here. These cases already are being managed in an orderly and efficient manner, and the issues presented are not unusually complex.  Moreover, common defendant CCL is represented by the same counsel in all actions, and two plaintiffs' firms serve as lead counsel in the four actions listed in Schedule A.  CCL represents that it will share any overlapping discovery upon entry of an appropriate protective order.  Given the few involved counsel and limited number of actions, informal cooperation among the involved attorneys and courts is both practicable and preferable to

---

   *   Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

centralization. *See In re: Hangtime, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2563, 2014 WL 5100236, at \*1 (J.P.M.L. Oct. 9, 2014) (determining that informal cooperation was preferable to centralization where there were "effectively only two pending actions at issue" which were not unusually complex). Thus, we encourage the parties to employ available alternatives to transfer, which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

Case: 1:14-cv-05848 Document #: 33 Filed: 02/06/15 Page 3 of 3 PageID #:364

**IN RE:  CARIBBEAN CRUISE LINE, INC., TELEPHONE**     MDL No. 2604
**CONSUMER PROTECTION ACT (TCPA) LITIGATION**


### SCHEDULE A


Southern District of Florida

IZSAK, ET AL. v. CARIBBEAN CRUISE LINE, INC., C.A. No. 0:14-62231


Northern District of Illinois

GORDON v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 1:14-05848
IOSELLO v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 1:14-06118

Eastern District of New York

JACKSON v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 2:14-02485