# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | |
|---|---|
| BRIAN M. JACKSON, individually and on behalf of all others similarly situated, : | |
| : | |
| Plaintiff, : | Civil Action |
| : | No. 2:14-cv-2485 |
| v. : | |
| : | Hon. Arthur D. Spatt |
| CARIBBEAN CRUISE LINE, INC., ADSOURCE : | |
| MARKETING LTD. and DOES 1-10, : | |
| : | |
| Defendants. : | |

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
## RICHARD GORDON FOR LEAVE TO INTERVENE

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ....................................................................................................................... 6

    I.    Gordon Should be Granted Leave to Intervene Under Federal Rule of Civil Procedure 24 6

        A.   Gordon Should be Granted Leave to Intervene as a Matter of Right.............................. 7

          i.Gordon's Motion is Timely............................................................................... 8

          ii.Gordon Has  a Protectable Interest................................................................... 8

          iii.   Gordon's Right May be Impaired by the Disposition of This Action......................... 9

          iv.   Gordon is Not Adequately Represented in this Case ................................................. 10

        B.    Permissive Intervention is Also Warranted.................................................................... 10

    II.   Any Dismissal of Jackson's Claims Should be Without Prejudice to the Rights of Absent Class Members........................................................................................................... 11

CONCLUSION.................................................................................................................... 14

# INTRODUCTION

Proposed Intervenor Richard Gordon ("Gordon"), the named plaintiff and putative class representative in *Gordon v. Caribbean Cruise Line, Inc.*, 1:14-cv-05848 (N.D. Ill.), files this motion to intervene in order to protect his own rights and the rights of the class he seeks to represent, in response to Defendant Caribbean Cruise Line, Inc.'s ("CCL") Opposition to Plaintiff Brian Jackson's ("Jackson") Motion for Voluntary Dismissal. *See* ECF Docs. 124 (Motion) and 126 (CCL Opposition, hereinafter "CCL Opp."). In a novel and stunning overreach, CCL asks this Court to enter an order not only dismissing Jackson's individual claims with prejudice but the claims of the class as well, notwithstanding the fact that no motion for class certification has been filed, let alone granted. It is therefore unclear that this Court has the power to issue such a restrictive order purporting to affect the rights of non-parties to this litigation, like Gordon, over which the Court does not have jurisdiction. Even if it does, however, CCL's requested relief would be entirely improper as it would prevent plaintiffs in other pending litigations, as well as *all absent class members*, from ever having an opportunity to seek class certification (or, in the alternative, being forced to bring their class claims before this Court even if those claims are completely unrelated to this jurisdiction, in contravention of those individuals' right to pursue their legally protected rights in a proper forum of their choosing, raising due process concerns).

By way of background, Gordon's case in the Northern District of Illinois, like this one, alleges that CCL sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Gordon and each of the members of the defined class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Given the factual and legal overlap between the cases, Gordon, along with the

1

plaintiffs in two other substantially similar putative class actions,[1] sought consolidation of these pending actions through the Judicial Panel on Multidistrict Litigation ("JPML") in order to coordinate pre-trial activities between them.

CCL *opposed* those efforts, instead choosing to keep the cases separate and to continue to litigate this first-filed case independently. While agreeing with CCL that the cases should not be consolidated, the JPML directed the parties in each of the four pending cases to work together informally to coordinate their discovery efforts. Furthermore, the Honorable John Z. Lee, the judge presiding over the *Gordon* matter, directed the parties to undertake efforts to coordinate discovery between the *Gordon* and *Jackson* cases.

In light of the JPML's and Judge Lee's orders, undersigned counsel for Gordon ("Counsel") entered an appearance in this case on behalf of the Plaintiff, Brian Jackson. Counsel's appearance was intended solely to aid in the informal coordination of discovery between the cases: because Judge Lee stayed Gordon's case pending the JPML's ruling (and thereafter based on the content of its ruling), no discovery was occurring, or could occur, in *Gordon*. Counsel has not entered into any retention agreement with Jackson and does not claim or seek to represent him. Counsel's role in this case has been limited to taking two depositions of CCL employees in June 2015, which Gordon intended (and still intends) to use in the prosecution of his own case in Illinois, as directed by the JPML and Judge Lee.

On July 27, 2016, Jackson moved for voluntary dismissal of his claims with prejudice. ECF Doc. 124. In response, CCL has opposed the motion and argued that, in addition to dismissal of Jackson's individual claims with prejudice, the claims *of the putative class* should

---

[1] *Iosello v. Caribbean Cruise Line, Inc.,* No. 14-cv-6118 (N.D. Ill.) and *Izsak et al. v. Caribbean Cruise Line, Inc.*, No. 14-cv-62231 (S.D. Fla).

be either dismissed with prejudice or without prejudice subject to the condition that any further

class litigation occur only before this Court and without the benefit of any additional discovery.

CCL Opp. at 11-21. Such a ruling, if even enforceable against Gordon, would function as an

effective dismissal with prejudice of his Illinois case.

The relief CCL requests would clearly, and improperly, prejudice Gordon's right to

pursue his own separate, currently pending claim in a separate jurisdiction. Gordon is not a party

to this lawsuit. No MDL has been created. No lead counsel has been appointed and no class has

been certified. Given the present procedural posture, it would run afoul of the Federal Rules of

Civil Procedure and the basis concepts of fairness and substantial justice for this Court to issue

an order precluding Gordon from prosecuting his entirely independent cause of action based on

the mere fact that one of his lawyers has appeared in this case, as he was encouraged to do by no

fewer than two federal courts.

Accordingly, Gordon moves to intervene in this case in order to protect his interests and

those of the putative class he seeks to represent, and opposes any relief requested by CCL that

would in any way prejudice his ability to proceed with his own case, as explained further below.

## STATEMENT OF FACTS

There are currently four class action lawsuits pending against CCL in three different

Districts, each alleging that CCL violated the TCPA when it, or a third party acting on its behalf,

sent text messages to plaintiffs' cellular telephones using an automatic telephone dialing system

without plaintiffs' consent. These matters are:

- *Jackson v. Caribbean Cruise Line, Inc.,* No. 14-cv-2485 (E.D. NY);

- *Gordon v. Caribbean Cruise Line, Inc.,* No. 14-cv-5848 (N.D. Ill.);

- *Iosello v. Caribbean Cruise Line, Inc.,* No. 14-cv-6118 (N.D. Ill.); and

- *Izsak et al. v. Caribbean Cruise Line, Inc.*, No. 14-cv-62231 (S.D. Fla).

Gordon initially filed his action on July 31, 2014.  In September 2014, CCL filed a

motion to stay *Gordon*  under the "first-filed rule," arguing that *Jackson* (and other then-pending

cases) with substantially similar allegations and overlapping classes should be decided first in

order to avoid inconsistent rulings and the duplication of discovery.  *See* CCL Motion to Stay

*Gordon* (attached as **Exhibit A**).  CCL specifically noted that it was "defending multiple

identical class action suits pending throughout the country arising from alleged TCPA violations

related to telephone calls and/or SMS messages," and that "[t]he simultaneous prosecution of

these various actions in separate courts before separate judges leads to the very real possibility of

inconsistent rulings, and subjects the defendants and other witnesses to a duplicative burden and

expense of discovery and possibly trial."  *Id.* at 11.  Judge Lee granted the motion and stayed

Gordon's case on September 23, 2014.  Docket No. 1:14-cv-05848 (N.D. Ill.), ECF Doc. 29.

The case remains stayed as of the date of this filing.

Shortly thereafter, on November 14, 2014, the *Izsak* plaintiffs moved to transfer the four

pending actions to the U.S. District Court for the Southern District of Florida for coordinated or

consolidated pretrial proceedings.  *See* MDL No. 2604, *In re: Caribbean Cruise Line, Inc.

Telephone Consumer Protection Act (TCPA) Litig.*, ECF Doc. 1 (Transfer Motion).  Gordon filed

a response in support of the motion, noting that each case arises from a similar course of conduct

by Defendant, and each sets forth nearly identical legal claims, they necessarily involve common

questions of both law and fact.  *Id.*, ECF Doc. 14.  Gordon therefore suggested that centralization

would be helpful in addressing the precise issues CCL raised in its motion to stay in *Gordon.*

Jackson and Iosello, both represented by Edelman Combs Latturner & Goodwin, LLC

("Edelman"), also filed a joint response in support of centralization.  *Id.*, ECF Doc. 16.

4

CCL, however, opposed centralization. *Id.,* ECF Doc. 15. In doing so, CCL argued that, given the relatively limited number of cases and the fact that this case had progressed the furthest, centralization was unnecessary in light of viable alternatives to allow for the coordination of discovery between the cases, including informal cooperation between the parties. *Id.* at 7-8. The JPML ultimately agreed with CCL, finding that:

> These cases already are being managed in an orderly and efficient manner, and the issues presented are not unusually complex. Moreover, common defendant CCL is represented by the same counsel in all actions, and two plaintiffs' firms serve as lead counsel in the four actions listed in Schedule A. CCL represents that it will share any overlapping discovery upon entry of an appropriate protective order. Given the few involved counsel and limited number of actions, informal cooperation among the involved attorneys and courts is both practicable and preferable to centralization. Thus, we encourage the parties to employ available alternatives to transfer, which may minimize the potential for duplicative discovery and inconsistent pretrial rulings.

*See* February 6, 2015 Order of JPML (attached as **Exhibit B**) at 1-2. As a result, the other three pending cases were *not* transferred to this Court and the Court does not have jurisdiction over them.

Following the JPML's ruling, Judge Lee issued an order continuing the stay in *Gordon* and stating that "the parties are encouraged to discuss how the parties will incorporate the discovery that is taking place in the EDNY lawsuit, in the event that class certification is denied and this lawsuit proceeds on an individual basis." Docket No. 1:14-cv-05848 (N.D. Ill.), ECF Doc. 35.

In light of the JPML's directive to engage in informal coordination, as well as Judge Lee's order regarding incorporation of any discovery taken in the *Jackson* matter into *Gordon*, Counsel entered an appearance in this matter in April 2015, ECF Doc. 98, and thereafter

5

conducted the depositions of two CCL employees (Daniel Lambert and Missy Hansen) in June

2015, to be used both in *Jackson* as well as in *Gordon*.

Over the next year, Jackson continued to prosecute his case through his attorneys at

Edelman, and it was Counsel's understanding that Jackson would move for class certification in

accordance with this Court's governing scheduling order. Ultimately, Jackson's attorneys at

Edelman informed Counsel that Jackson would not be pursuing class certification and would be

moving to dismiss his individual claims. Counsel does not have an attorney-client relationship

with Jackson and was not privy to the discussions between Jackson and his lawyers that led to

that decision.

Now, in response to Jackson's motion to dismiss, CCL is taking the position, in

contravention of the JPML's **_denial_** of centralization, that this Court should issue an order

binding Gordon and the absent class members he represents to a dismissal of *their* claims,

prejudicing the rights of those absent class members and running afoul of Federal Rule of Civil

Procedure 23(e), as discussed below.

## ARGUMENT

**I.     Gordon Should be Granted Leave to Intervene Under Federal Rule of Civil Procedure 24**

The Federal Rules of Civil Procedure allow two avenues for a party to intervene in an

action: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a-b). Gordon

satisfies the requirements of both.

As a preliminary matter, though, while the rule does not expressly provide for limited

intervention, courts in the Second Circuit recognize and approve that concept. *See, e.g., Eng v.*

*Cougblin,* 865 F.2d 521, 525 (2d Cir. 1989) (district court's decision to grant intervention for

limited purpose, rather than full intervention, was not immediately appealable); *see also*

*Sackman v. Liggett Gtp., Inc.,* 167 F.R.D. 6, 20 (E.D.N.Y. 1996) (permitting intervention for the "limited purpose of objecting" to a specific order).  Gordon notes that he is expressly *not* seeking to intervene as a *plaintiff* in this matter; rather, Gordon merely wishes to voice his objection to the relief CCL seeks, which would preclude him from prosecuting his own action in Illinois.  To the extent that the Court disagrees that limited intervention is permissible, Gordon requests that his motion be considered as an amicus brief in this case.

### A.     Gordon Should be Granted Leave to Intervene as a Matter of Right

A party may intervene in an action as of right where he or she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In the Second Circuit, intervention must be permitted where an applicant: "(1) timely files an application, (2) shows an interest in the action, (3) demonstrates that the interest may be impaired by the disposition of the action, and (4) shows that the interest is not protected adequately by the parties to the action." *Brennan v. N. Y.C. Bd. of Ed11c.,* 260 F.3d 123, 127 (2d Cir. 2001) (internal quotations omitted). In considering a motion to intervene, "the court must accept as true non-conclusory allegations of the motion." *Dorsett v. Cnty. of Nassau,* 283 F.R.D. 54, 70 (E.D.N.Y. 2012) (citing *Oneida Indian Nation of Wise. v. New York,* 732 F.2d 261, 265 (2d Cir.1984)). Rule 24 is to be construed liberally and in favor of applicants for intervention. *See e.g. U. S. Postal Serv. v. Brennan,* 579 F.2d 188, 193 (2d Cir. 1978) (explaining the "need for a liberal application in favor of permitting intervention").

7

### i.    Gordon's Motion is Timely

When considering the timeliness of a motion to intervene courts consider four factors "in light of all the circumstances," including "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Dorsett,* 283 F.R.D at 91 (citing *United States v. Pitnry Bmves, Inc.,* 25 F.3d 66, 70 (2d Cir.1994)).

Here, CCL's opposition to Jackson's motion to dismiss – the first document implicating Gordon's rights to pursue his own action on behalf of himself and absent class members going forward – was only filed last week.  Neither Jackson nor CCL would be prejudiced by allowing this limited intervention to address an issue that is already pending before the Court, and any delay in the Court's ruling occasioned by its considering the parties' briefing on Gordon's motion to intervene would be extremely limited, perhaps one or two weeks.  If the motion to intervene is denied, however, Gordon would have no avenue to protect his rights and, if CCL's position is accepted by the Court, his case would for all practical purposes be dismissed without any opportunity to even address the inherent unfairness accruing from such a result.

### ii.    Gordon Has  a Protectable Interest

To satisfy the second element of intervention as of right, Gordon "must have an interest in the case that is 'direct, substantial, and legally protectable.'" *Berrfer v. United States,* 282 F.R.D. 299, 302 (E.D.N.Y. 2012) (quoting in part *United States v. Peoples Benefit Life Im. Co.,* 271 F.3d 411, 415 (2d Cir. 2001)).  There is no doubt that Gordon has such a right here: the right to bring a meritorious lawsuit in a federal court on his own behalf and on behalf of a class of similarly situated individuals.  This right is directly implicated by CCL's Opposition, which

seeks to eliminate that right and prevent Gordon from having his day in court. *See, e.g., Nicholas v. Conseco Life Ins. Co.*, 2012 U.S. Dist. LEXIS 69328, at *5-6 (N.D. Ill. May 17, 2012) ("Dr. Yue obviously has an interest in the action, and neither plaintiff nor defendant has argued differently. She is a putative class member and named plaintiff in a virtually identical action that was already pending when the instant action was filed. The proposed settlement seeks to bar her from prosecuting her motion in Yue II to certify a nationwide class. Those interests will, of course, be impaired by a resolution in the instant action").

### iii.      Gordon's Right May be Impaired by the Disposition of This Action

The third element is also satisfied because the disposition of this action may "impair or impede [Gordon's] ability to protect [his] interest" if he is not permitted to intervene. *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir. 1994). This inquiry puts substance ahead of form, focusing on whether that interest will be impeded or impaired as a practical matter. *See, e.g., Wright Miller,* 7C FED. PRAC. & PROC. CIV. § 1908.2 (3d ed. 2011) ("[i]t generally *is* agreed that in determining whether disposition of the action will impede or impair the movant's ability to protect its interest the question must be put in practical terms rather than in legal terms."). Again, in this case CCL is requesting an order from this Court precluding Gordon from moving for class certification in his case, or even from prosecuting that case on a class basis *at all*. CCL Opp. at 19. Such a ruling, if enforceable, would directly and incontrovertibly restrict Gordon's legally protected rights.

Gordon notes that he uses the phrase "if enforceable" in this Memorandum because it is Gordon's position that this Court does not have the authority to issue an order restricting, qualifying, or even dismissing an action pending before another federal court, given that no class has been certified, nor has class certification been denied on the merits, in *any* of the relevant

9

cases, including this one. As such, Jackson's case, like Gordon's, is nothing more than a putative class action at this point. Because the JPML denied centralization, and because no lead counsel has been appointed in this or any other pending case, Gordon respectfully suggests that any order from this Court dismissing Jackson's claims, whether with or without prejudice, cannot be binding on Gordon or impair his ability to pursue his claims individually or on behalf of the class identified in his Complaint. Gordon nevertheless has sought to intervene in order to protect his own interest should the Court disagree with that position.

### iv.    Gordon is Not Adequately Represented in this Case

Finally, a "class member should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court." *See* Fed. R. Civ. P. 24 Advisory Committee's Note. Of course, there can be no question that CCL is not adequately protecting Gordon's interests, as it is actively seeking to undermine them. Furthermore, Gordon's interests will not be adequately protected by Jackson either going forward, as Jackson has decided to move for a voluntary dismissal of his claims with prejudice.

### B.    Permissive Intervention is Also Warranted

Gordon also satisfies the requirements for permissive intervention. Rule 24(b) allows for permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The court's discretion regarding whether to grant permissive intervention under Rule 24(b) is very broad." *Disability Advocates, Inc. v. Paterson*, 2009 U.S. Dist. LEXIS 109394, at *7 (E.D.N.Y. Nov. 23, 2009) (citing H.L *Hqyden Co. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 89 (2d Cir.1986)). "The primary consideration guiding the exercise of discretion is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* (internal quotation omitted).

Case 2:14-cv-02485-ADS-AKT Document 127-1 Filed 08/19/16 Page 13 of 17 PageID
Case: 1:14-cv-05848 Document #: 153-4 Filed: 03/08/19 Page 14 of 18 PageID #:38020 #:
1256

As noted above, Gordon's request for a limited intervention in this matter will not prejudice the rights of any of the present parties and will result in only a very minimal delay, if any, of the disposition of Jackson's motion to dismiss.  Therefore, if the Court denies Gordon leave to intervene as of right, it should grant him permission to intervene under Rule 24(b).

**II.    Any Dismissal of Jackson's Claims Should be Without Prejudice to the Rights of Absent Class Members**

When determining whether to grant a motion for voluntary dismissal in a putative class action case, the primary concern is whether prejudice will accrue to the absent class members. *See, e.g., Chapman v. Ontra, Inc.*, 1998 U.S. Dist. LEXIS 9426, at *4 (N.D. Ill. June 11, 1998) ("Approval [of a voluntary dismissal] is required under Rule 23(e) to 'protect the nonparty members of the class from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise.'") (quoting 7B Wright & Miller, Federal Practice and Procedure § 1797 (2d ed. 1986)); see also *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 626-27 (7th Cir. 1986) ("Rule 23(e) was designed to prevent representative plaintiffs from settling or dismissing cases to the detriment of the absent members of the class.").

To protect against such prejudice to members of the class, courts granting motions for voluntary dismissal have imposed conditions on that dismissal.  *See, e.g., In re Phillips Petroleum Sec. Litig.,* 109 F.R.D. 602, 609 (D. Del. 1986) (granting plaintiff's motion for voluntary dismissal "on the condition that he not file in any court in the United States a duplicative class action based on the Phillips-Mesa and Phillips-Icahn takeover controversy," noting that the plaintiff's pursuit of a new class action based on the same allegations would prejudice the members of a competing class in another case, who would receive duplicative notices); *Shappell v. PPL Corp.*, No. 06-2078 (AET), at *10 (D.N.J. Mar. 20, 2007) (granting

11

voluntary dismissal "on the condition that none of the Plaintiffs named within the complaint may file or enter a class action in any court in the United States on the basis of any theory of recovery stemming from the facts stated in the complaint before this Court"); *Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467, 470 (S.D.N.Y. 1962) (same, upon condition that plaintiff "offer to execute with defendants Select Operating Corporation and United Booking Office, Inc. a covenant not to sue them in the future, in the form attached to plaintiff's moving papers, or in such form as is mutually agreeable to the parties"); *Bentz v. Reed Elsevier, Inc.*, 2000 U.S. Dist. LEXIS 20370, at *27 (S.D. Ohio Dec. 5, 2000) (granting dismissal without prejudice subject to condition that "any future action, brought by either or both of the Plaintiffs (whether in an individual capacity or as the named plaintiff in a putative class action) against either one or more or all of the Defendants, alleging a violation of federal antitrust laws, predicated upon the same events giving rise to this litigation, must be filed in the United States District Court for the Southern District of Ohio, Western Division, at Dayton").

Gordon does not dispute that the Court may impose conditions on the dismissal of Jackson's claims. However, the common thread in each of these decisions, all of which CCL relies upon in its Opposition, is that the court is imposing conditions *on a party to the proceedings before that court,* not *upon non-parties over which the Court has no jurisdiction*, as is the case with Gordon here. Indeed, CCL does not point to a single case where a court has attempted, whether successfully or not, to effect a dismissal or circumscription of a matter not pending before that court, brought by a party who is not a litigant before that court. Nor has CCL pointed to a case where a court has issued a ruling eliminating or restricting the legal rights of class members *prior* to class certification, and without any notice to the class (nor can it).

12

The other common thread in these decisions is that the conditions described were imposed on dismissals *without* prejudice. Here, Jackson is moving to dismiss his claims *with* prejudice. Should the Court grant that relief, Jackson will be precluded from bringing any future claims arising from the transactions and occurrences at issue in this case either as a representative of a class *or* individually. There is simply no concern that Jackson will seek to file a new action against CCL anywhere, ever. In fact, were Jackson to move for voluntary dismissal with prejudice as to the claims of absent class members, that relief would necessarily harm those class members, who would be completely precluded from ever even attempting to certify a class and obtain relief for their injuries.

If Jackson's claims are dismissed with prejudice, Gordon will simply continue to litigate his case in the Northern District of Illinois, an outcome that cannot be surprising to CCL and in fact has been endorsed by both the JPML and Judge Lee. While Judge Lee envisioned a scenario where class certification is *denied* in this case and Gordon wishes to proceed on an individual basis, the same reasoning applies in the current situation, where Jackson has moved to voluntarily dismiss his claims and no decision whatsoever has been made on class certification either way. And, of course, even if Jackson had moved for class certification and that motion had been denied on grounds unique to Jackson (*i.e.*, that Jackson was for some reason an atypical or inadequate class representative), such denial would not prevent Gordon from pursuing his class claims.

Nor is there any merit to Caribbean's concerns about needing to "relitigate" issues that have already been decided. *See* CCL Opp. at 17 (suggesting that other plaintiffs with pending cases against CCL, like Gordon, "will likely want to begin discovery anew in their respective cases and not be shackled by the incomplete and undeveloped evidence of Plaintiff in this case").

13

This statement, at least as to Gordon, is demonstrably untrue, as Judge Lee has already ruled, based on the parties agreement on the record, that "discovery taken in the New York case may be used in [*Gordon*] as though the discovery was taken in [*Gordon*]." *See* Docket No. 1:14-cv-05848 (N.D. Ill.), ECF Doc. 47. None of the discovery taken to date will need to be duplicated. Moreover, to the extent CCL seems to think that it will face "yet another round" of class certification briefing, Gordon simply notes that, to his knowledge, no motion for class certification has been filed in *any* presently pending case against CCL for violations of the TCPA.

Finally, though the argument does not directly implicate his interest in this case, Gordon notes that CCL's request for payment of attorneys' fees and costs does not draw support from the case law, including its own. *See, e.g., McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982) ("where a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation") (citing *GAF Corp. v. Transamerica Insurance Co.*, 214 U.S. App. D.C. 208, 665 F.2d 364, 369 (D.C.Cir.1981)). The discovery taken in this case will be used in *Gordon*, and potentially other pending cases, going forward, as directed by the JPML and Judge Lee. Thus, to the extent CCL's attorneys have accrued fees litigating this case and engaging in discovery, that would have occurred regardless had the other pending case, including Gordon's, not been stayed during the pendency of this matter.

## CONCLUSION

The bottom line is that if CCL truly wished to litigate all of the pending class actions against it in one fell swoop, it could have agreed to centralization, as all plaintiffs in all of the

related cases desired.  It did not, instead choosing to keep each of the putative class actions independent and to litigate them in separate fora (albeit with informal coordination of discovery). Now, it wants to have its cake and eat it too, treating Jackson's decision to voluntarily dismiss as a *de facto* disposition of the class action claims of every other plaintiff in every other jurisdiction, including Gordon.  It cannot, and should not, be permitted to do so.

For all of these reasons, Proposed Intervenor Richard Gordon respectfully requests that this Court issue an Order or Orders: (1) permitting him to intervene in this matter on a limited basis; and (2) granting Plaintiff Brian Jackson's motion for dismissal with prejudice as to Jackson's individual claims and without prejudice as to the claims of the putative class members.

Dated: August 10, 2016

_____
Kyle A. Shamberg [KS-5015]
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, IL 60606
(212) 750-1265
kshamberg@litedepalma.com

15