# "EXHIBIT 2"

**Annotated Timeline of Discovery Delays in *Brian Jackson v. Caribbean Cruise Line, Inc.*
Case No. 14-cv-02485-ADS-AKT) (E.D.N.Y.)**

- On Nov. 7, 2014, the Court conducted a discovery status conference, inquiring "why Plaintiff has not previously subpoenaed Adsource," and later entered an order warning Plaintiff's counsel "that they must attempt communication with Adsource forthwith." [**DE 68, at ¶5**];

- On Nov. 25, 2014, the Court conducted a telephone status conference, entering an Order "giving the Plaintiff until January 16, 2015, to resolve the issue of contact with Adsource," and re-setting a follow-up telephone conference for February 4, 2015 [**DE 72, at ¶¶1, 6**];

- On January 16, 2015, Plaintiff filed a letter motion seeking to "adjourn" the February 4, 2015, telephone conference due a scheduling conflict with one of Plaintiff's attorneys and seeking an extension of time to contact Adsource [**DE 78**];

- On January 21, 2015, CCL filed a response to the letter-motion, offering no opposition to the requested extension but reiterating prior requests that the Court establish deadlines for discovery completion and moving for class certification:

    > The time for discovery to close needs to be set and a class certification briefing schedule needs to be implemented. As this Court is well aware, counsel for CCL has requested such a briefing schedule on several occasions, but Plaintiff continues to delay by requesting that no schedule be implemented. [**DE 79**].

- On February 26, 2015, another status conference was held where Plaintiff's counsel again advised the Court that they have "not been able to communicate with this defendant;" Plaintiff asked for 90 days to complete discovery, but the Court permitted only 60 days (over the undersigned counsel's objections to any additional time), setting the deadline to complete fact discovery for April 27, 2015, and the deadline to move for class certification for May 18, 2015; [**DE 84**].

1

- On April 1, 2015, Plaintiff filed a letter-motion seeking an extension of the discovery deadline of an unspecified duration, claiming Plaintiff's efforts to contact Adsource to schedule a deposition in Canada "were to no avail" but failing to indicate whether or not Plaintiff had made any effort to subpoena Adsource's principal or otherwise comply with Canadian law in compelling his attendance at deposition there (something the Court ordered them to do in November 2014). [**DE 93**]. Plaintiff filed a supplemental motion reiterating the request for an extension on April 3, 2015 [**DE 94**].

- On April 6, 2015, CCL filed a response to Plaintiff's two letter-motions, pointing out that "Plaintiff has certainly been provided ample opportunity to pursue AdSource" and noting that Plaintiff's letter motion referenced service of the Second Amended Complaint while the operative pleading was the Third Amended Complaint, neither of which appeared to have ever been served on Adsource, and that Plaintiff allegedly served AdSource in October, 2014, yet failed to seek a default until March 10, 2014. [**DE 95**]. Although CCL objected to an open-ended extension of the discovery deadline sought by Plaintiff, CCL agreed to coordinate a specific later discovery deadline for a specific date [*Id.*];

- On April 20, 2015, Plaintiff filed a letter-motion seeking the Court's "guidance and direction" on how to compel Adsource's cooperation in discovery, listing twelve specific actions Plaintiff had supposedly taken since October 21, 2014, to contact Adsource, none of which included issuance of subpoena to compel testimony or production of documents in Canada. [**DE 101**];

- On May 15, 2016, Plaintiff filed a letter-motion requesting an extension of the deadline to file a motion for class certification, and advising the parties had agreed to an extension of the fact discovery deadline to July 14, 2015, and the class certification deadline to

Aug. 4, 2015 [**DE 108**]. Plaintiff's request for an extension of the class certification deadline was granted the next day by this Court – but only to the extent that it was based on waiting for the Magistrate Judge to rule on the pending discovery motions also filed by Plaintiff [**DE 109**];

- On July 6, 2015, Plaintiff filed a letter-motion stating that Adsource had failed to reply to discovery or a deposition notice served by Plaintiff and asking the Court to enter an Order imposing "daily sanctions" on Adsource for failing to respond. [**DE 113**];

- On August 4, 2015 – the extended deadline for Plaintiff's to file a motion for class certification – Plaintiff filed a letter-motion asking the Court to stay all deadlines in the case, including the then-expired discovery cut-off deadline of July 14 agreed to by the parties, until the Court could rule on all pending discovery motions [**DE 117**];

- On August 5, 2015, the Court entered an Endorsed Order granting Plaintiff's motion to stay deadlines, which the Court indicated would be held in "abeyance" until the Court had ruled upon pending motions;

- Thereafter, a period of eight entire months elapsed in which nothing was filed in this case and Plaintiff made with no effort whatsoever to pursue discovery from Adsource or any other sources;

- On March 31, 2016, the Court entered an Order granting Plaintiff's two outstanding motions for an extension of the discovery period, denying Plaintiff's motion "seeking guidance" from the Court as "flawed" and "inappropriate," and denying Plaintiff's motion to impose a daily sanction on Adsource, pointing out that the "scant motion" failed to comply with local rules governing motion practice, even for letter-motions, and noting that "there is no indication in the record that Plaintiff has made any attempt to serve a subpoena on Adsource for either the documents or depositions it seeks." [**DE 118**];

- On April 22, 2016, the Court entered an Order setting July 29, 2016, as the *final* deadline for completion of discovery and for Plaintiff to file a motion for class certification, based upon a joint letter proposing those deadlines submitted by the parties as directed by the Court's prior Order. With respect to discovery from Adsource identified as "outstanding" by Plaintiff in the parties' joint letter, the Court specifically commented on Plaintiff's historical lack of diligence in pursuing discovery from Adsource:

> "The particular issue [deposition of Adsource's representative] has proceeded in a circular manner since at least November 2014 without any resolution….
>
> As to the purported "open" paper discovery, plaintiff states that the discovery propounded on defendant Adsource on December 19, 2014 "are still outstanding." **Plaintiff's counsel is referred to the multiple prior Orders of this Court dealing with the discovery plaintiff served on Adsource**, including the Court's declining to take certain actions proposed by plaintiff because the motions were improper or were not in compliance with the Court's Individual Rules or prior Orders. **Plaintiff is well aware of what limited avenues of relief are available in these circumstances and has done nothing at this juncture, to the Court's knowledge, to pursue those limited options.**

[**DE 120**, at Pgs. 1-2] [emphasis added].